Freeman, J.,
delivered the opinion of the Court.
The bill is filed to remove a cloud from the title of complainant, and alleges that complainant obtained a judgment before a justice of the peace 27th of November, 1857, for $461.50, against William S. Erwin, Lewis B. Baley, and Jesse B. Erwin, which was stayed by one Parker; that on 5th day of November, 1858, execution issued on said judgment, and was levied on 7th of November, 1858, on the land of Bailey, and also on a tract of defendant, Jesse B. Erwin, containing two' hundred acres; that the papers were only-returned into the Circuit Court, and at June Term, 1859, said land was condemned and ordered to be sold; that the land was, under this order, offered by the sheriff for sale, but not sold for want of bidders; that at' October Term, a venditioni exponas was issued and the land sold, and bought by complainant, through her agent, Brown, in February, 1860. The war coming on, no deed was made to complainant, until August, 1869, when the successor of the former sheriff, who died, executed a deed, which is exhibited with the bill. This is the title of complainant.
The cloud sought to be removed is found in a title supposed to have been obtained in the form of a sheriff's deed under a levy of an execution in favor of one John C. Grant, levied on the first day of Jan *339 uary, 1859 — said execution founded on a judgment by a justice of the peace, and issued 29th. of November, 1858. One May seems to have purchased the land under this levy, and order of sale based thereon. Various creditors advanced their debts on this land, until defendant, Edwards, claiming to have a judgment against Erwin, bid the samé on the land, and at last obtained a sheriff’s deed for the land.
The question is, which is the better title? or rather, whether the complainant shows a good title in herself, so as to entitle her to have the defendant’s title declared a cloud on her title, and aslc a removal of it in her favor.
The defense set up by the answer is, that the sheriff failed to give the notice to the party in possession, of the time and place of sale, as required by Act of 1799, transferred to the Code, section 3042. The proof shows that no such .notice was given. The sale was therefore void, (1 Yer., 469, 480), as we do not think the proposition can be maintained as insisted on by counsel, that this was not a sale under an execution, but a judicial sale.
But it is claimed, that oh the facts alleged in the bill for general relief, this court shohld order the-satisfaction of the execution of complainant to be set aside, on account of the failure of title to the land, and decree a sale by virtue of the levy and order of sale made under it. It is settled, that an execution from a justice of the peace is fundus offioio after thirty days, and consequently a levy and sale under an execution after the thirty days has expired from *340 its issuance by a magistrate, is simply a nullity — a sale made without any authority whatever. 6 Hum., 21. Hence it follows, that the sale under Grant’s execution conveyed no title to respondent Edwards, and the land remains Erwin’s property, unaffected by the sale.
Shannon’s judgment, execution, levy, and order of sale are alleged and shown in the bill and proof, all valid and good. The satisfaction of the execution is a nullity, as her title fails by want of notice of sale to the respondent Erwin, as required by law — and under the facts of the case, she is entitled to have the satisfaction set aside. While it might be going beyond, or at any rate extending the rule very far, to give complainant the relief thus asked, and not prayed for, nor contemplated by the frame of the bill, yet there is another well settled ground on which relief under the general prayer in ' the bill may be granted. It is this: that where the facts stated in the answer, make out a proper case for relief, its statements being all taken together, then relief may be granted to the complainant, such as may be warranted by such answer. 7 Yer., 30; 10 Yer., 298; 8 Hum., 435. The answer in this case admits the judgment of complainaut, while it denies the correctness of subsequent proceedings under the same; yet presents or exhibits the levy and other proceedings, and defeats their validity by reason of the want of notice. Now, on these facts, a judgment, levy and order of sale, and a sale, which fails to convey title by failure of the sheriff to. give the notice as required by law, complainant is clearly entitled to have the satisfaction set *341 aside; and no intervening rights- appearing — the levy of Grant’s execution being a nullity — she is entitled to •have said order of sale enforced, and the land sold under it in satisfaction of her judgment. A decree will be entered here accordingly — defendants paying costs of this court and court below.